NEW ORLEANS CANAL & BANKING CO. *et al. v.* REYNOLDS *et al.*

(*Circuit Court, E. D. Arkansas, W. D.*   July 31, 1889.)

1. EXECUTORS AND ADMINISTRATORS—STATUTE OF NON-CLAIM.
    Creditors' right of action against the administrator of their deceased debtor accrues from the time the administrator's final account showing assets is settled and approved, notwithstanding appeals are taken from the decree; and on the subsequent death of the administrator's surety their claims are barred by the Arkansas statute of non-claim unless presented against his estate within two years thereafter.

2. SAME—ADMINISTRATOR DE BONIS NON.
    The fact that an administrator *d. b. n.* of the estate of the original debtor presented a claim on behalf of that estate against the estate of the administrator's surety, amounts to nothing, as he had no claim to the proceeds of assets already administered.

374 FEDERAL REPORTER, vol. 39.

**3. SAME—RIGHTS OF CREDITORS—LACHES.**

The administrator, in 1869, reported a certain sum as the proceeds of a sale of property of the estate, and the court by an order of record, directed his attorney not to turn the money over to the administrator, but to keep it subject to the order of the court; but on the administrator's final settlement in 1873, the amount was charged and accounted for as received by him. *Held,* that a suit, brought in 1886 by creditors of the estate against the attorney, was barred on the ground of laches.

In Equity. On final hearing.
*Clark & Williams* and *W. B. Street,* for complainants.
*D. H. Reynolds,* for defendants.

BREWER, J. This case is now submitted on pleadings and proofs. The facts necessary for the determination of the questions presented are, briefly, these: Francis Griffin died November 6, 1865. Edward P. Johnson was appointed administrator January 6, 1866. Lycurgus L. Johnson and Cyrus R. Johnson were sureties on his bond. Complainants are creditors of that estate. Their claims were probated July 23, 1866, and April 23, 1867. The defendants are D. H. Reynolds individually and as trustee, and the widow and heirs of Lycurgus L. Johnson, the surety, now deceased. The suit was brought February 11, 1886. The administrator, Edward P. Johnson, died in April, 1872, and in May, 1872, D. H. Reynolds, his counsel, was appointed his administrator. In 1876, Lycurgus L. Johnson, the surety, also died, and J. M. Worthington and T. Johnson were appointed administrators on August 30, 1876. In September, 1873, the final account of E. P. Johnson as administrator of Francis Griffin was settled and approved by the circuit court, a court having jurisdiction of estates, and a balance found due the estate. Exceptions were taken to this settlement, and appeals taken to the supreme court, and the litigation continued until April 17, 1883, when the account was finally settled in the circuit court. An appeal was again taken to the supreme court, but that appeal was not prosecuted, and the creditors had a transcript filed, and the appeal dismissed in the supreme court on the 21st day of March, 1885. Complainants, as creditors of the estate of Francis Griffin, seek to recover the amount found due the estate upon the final settlement of the accounts, and the defenses are the statutes of non-claim and limitation. The statute of non-claim of this state bars all claims against an estate unless presented within two years.

Noticing, first, the case as it proceeds against the widow and heirs of Lycurgus L. Johnson, the bill seeks to charge them as in possession of property which equitably belongs to his estate, but it will not be doubted that no claim can be enforced against them on this account which is not also enforceable against the estate. If the estate be discharged, they who hold property which equitably belongs to the estate are also discharged. Now, administration was taken out on the estate of Lycurgus L. Johnson on August 30, 1876, and this suit was not brought until nearly 10 years thereafter. If the claims were in condition to be enforced against the estate at the time administration was taken out, the

statute of non-claim long since barred them as against the estate. This is the settled law of Arkansas, which, of course, is binding on this court. When the final account of the administrator of Francis Griffin was stated and settled, the balance in his hands was due to the creditors or heirs of the estate; and, if it was not paid, a cause of action instantly arose upon the bond. These creditors could have proceeded at once against the sureties, and upon the death of the surety, Lycurgus L. Johnson, could have presented their claim against his estate. Failing to do so, their claim was barred within two years thereafter. The fact that appeals were taken to the supreme court in respect to this final account, and litigation continued for years, in no manner abridged their right to proceed on their account as stated and settled, and when stated and settled by the circuit court. It is true that an administrator *de bonis non* was appointed of the estate of Francis Griffin, who presented a claim in behalf of that estate to the administrators of Lycurgus L. Johnson, but the act amounted to nothing. He had no claim as administrator *de bonis non* against the estate of the administrator or the sureties on his bond for the proceeds of assets already administered. This was the common law, and this, by the decision of the supreme court of the state of Arkansas, is the law of this state. *Beall* v. *New Mexico*, 16 Wall. 535; *U. S.* v. *Walker*, 109 U. S. 258, 3 Sup. Ct. Rep. 277; *Finn* v. *Hempstead*, 24 Ark. 117; *Oliver* v. *Rottaken*, 34 Ark. 144; *Williams* v. *Cubage*, 36 Ark. 315. Hence, as the creditors failed to present their claims in time against the estate of Lycurgus L. Johnson, they cannot now proceed against the estate or against those said to have property which equitably belongs to the estate. So far as the defendant D. H. Reynolds is concerned, it appears that in July, 1869, the administrator had under orders of the court sold certain property for $6,700. His report of sale was filed on November 6, 1869. It was then confirmed by the court, and the defendant Reynolds, the attorney of the administrator, was directed by the court not to turn the money over to the administrator, but to keep it, subject to the order of the court, and this, it is claimed, made him a special master to hold these funds. It appears, however, that in the final settlement of accounts this amount was charged to the administrator as received by him, and accounted for in the final settlement; and the present complainants are pursuing the heirs of the administrator's surety to recover the balance as established by that settlement, including therein this amount of $6,700. Whether they are estopped by this proceeding it is immaterial to inquire, for, if the order was one which the court had power to make, it was an order placed upon the records, and of which the complainants, as creditors, are charged with notice, and they are guilty of laches in thus waiting 17 years before seeking to charge him personally, especially as for 13 years the report of the administrator has been on file, showing the receipt of the money by him. My conclusion, then, is in favor of all the defendants; that the laches of complainants and the statute of non-claim interpose a perfect bar to any recovery. Decree will be entered dismissing the bill.